UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Timothy J. Heinz | ) | CASE NO: 5:25MC46 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN ADAMS |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| Eradal Inc., | ) | |
| | ) | |
| Defendants. | ) | |

In 2024, when this Court dismissed a prior action filed by Plaintiff Timothy Heinz, the Court ordered as follows:

> Plaintiff has established a pattern of filing complaints in this Court that are patently frivolous and vexatious and that appear calculated to harass the defendants and abuse the judicial process. Accordingly, Timothy J. Heinz is permanently enjoined from filing any new lawsuits without seeking and obtaining leave of court from the Chief Judge or the Miscellaneous Duty Judge in accordance with the following:
>
> 1. He must file a "Motion Pursuant to Court Order Seeking Leave to File" with any document he proposes to file, and he must attach a copy of this Order to it (any such Motion should be filed in a miscellaneous case).
>
> 2. As an exhibit to any Motion seeking such leave, he must also attach a declaration which has been prepared pursuant to 28 U.S.C. § 1746 or a sworn affidavit certifying that (1) the document raises a new issue which has never been previously raised by him in this or any other court, (2) the claim or issue is not frivolous, and (3) the document is not filed in bad faith.
>
> 3. By means of a second exhibit, he must identify and list: (1) the full caption of each and every suit which has been previously filed by him or on his behalf in any court against each and every Defendant in any new suit he wishes to file, and (2) the full caption of each and every suit which he has currently pending.

4. As a third exhibit to the Motion, he must provide a copy of each complaint identified and listed in accordance with the foregoing Paragraph 3 and a certified record of its disposition.

Pending before the Court now is a motion by Heinz seeking to file a new civil action. Unfortunately, Heinz seeks again to revisit the foreclosure action that he has challenged over and over again that led to his status as a vexatious litigator. Heinz appears to believe that by repackaging his claim as a request to quiet title that it is somehow a "new" action that can now be litigated. In finding Heinz vexatious, the Court detailed his history of attempts to challenge his foreclosure as follows.

> As best the Court can discern, Plaintiff is once again challenging a 2014 foreclosure action brought against him in state court. *See HSBC Mortgage Serv. Inc. v. Joanne Heinz*, Case No. 2014CV00409 (Portage Cnty. Ct. of Common Pleas filed May 22, 2014) (the "foreclosure action"). A final judgment in foreclosure was entered against Plaintiff in February 2016. *Id.*
>
> Plaintiff subsequently pursued multiple unsuccessful actions in state court challenging the foreclosure action, which resulted in the state court declaring Plaintiff a vexatious litigator. *See Heinz v. Eric N. Lindsey*, No. 2021CV00249 (Portage Cnty. Ct. of Common Pleas March 11, 2022).
>
> Plaintiff also challenged the 2014 foreclosure action in federal court. He attempted to remove the foreclosure action to federal court in May 2020, nearly six years after it had been filed. United States District Judge Solomon Oliver, Jr. remanded that action to state court, *HSBC Mortgage Serv., Inc. v. Heinz*, No. 5:20CV0966 (N.D. Ohio Aug. 27, 2020) ("*Heinz I*"), and the Sixth Circuit dismissed Plaintiff's appeal, *HSBC Mortgage Serv., Inc. v. Heinz*, No. 20-3988, 2020 U.S. App. LEXIS 33270 (6th Cir. Oct. 21, 2020).
>
> Plaintiff then filed four additional pro se actions in federal court that have been dismissed. *See Heinz v. HSBC Mortgage Serv., Inc.*, No. 5:21CV0542, 2021 U.S. Dist. LEXIS 203680, 2021 WL 4942198 (N.D. Ohio Oct. 22, 2021) ("*Heinz II*") (Lioi, J.); *Heinz v. ERADAL, Inc.*, No. 5:21CV2263, 2022 U.S. Dist. LEXIS 51397, 2022 WL 845088 (N.D. Ohio March 22, 2022) ("*Heinz III*") (Adams. J.); *Heinz v. Clerk Portage Cnty. Ct. of Common Pleas*, No. 5:22CV392, 2022 U.S. Dist. LEXIS 90788, 2022 WL 1591648 (N.D. Ohio May 19, 2022) ("*Heinz IV*") (Adams, J.); *Heinz v. Folland*, No. 5:22CV0576, 2022 U.S. Dist. LEXIS 143918 (N.D. Ohio Aug. 11, 2022) ("*Heinz V*") (Pearson, J.). Plaintiff

appealed the district court's decisions in *Heinz III* and *Heinz V*, and the Sixth Circuit affirmed. *See Heinz v. Eradal, Inc.*, No. 22-3615, 2023 U.S. App. LEXIS 5563 (6th Cir. Mar. 8, 2023) and *Heinz v. Folland*, No. 22-3791, 2023 U.S. App. LEXIS 7955 (6th Cir. Apr. 3, 2023). In *Heinz V*, the district court determined that Plaintiff's complaint was barred by *Rooker-Feldman* and *res judicata*, and the Court warned Plaintiff that he may be declared a vexatious litigator and sanctions may be imposed upon him if he files any future meritless or frivolous lawsuit in federal court relating to the foreclosure or foreclosure action. Heinz V, 2022 U.S. Dist. LEXIS 143918, at * 10.

Heinz' latest effort is nothing more than slapping a new label on his old arguments. He has again sought to undermine a foreclosure action that occurred now more than a decade ago. This frivolous and harassing action is the *exact* type of suit the Court sought to preclude in its prior order. Accordingly, Heinz' motion for leave to file a new civil suit is DENIED. This miscellaneous matter is hereby CLOSED.

    **IT IS SO ORDERED.**


October 29, 2025                                        */s/ John R. Adams*
                                                             JUDGE JOHN R. ADAMS
                                                            UNITED STATES DISTRICT COURT